[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION #109.50
On April 7, 1994, the plaintiff in the present case, Midrange Businessware, Inc., filed a three count complaint against the defendants, Paul Cayton and A to Z Computer Sales and Leasing, Inc., ("A to Z") alleging two counts of breech of contract and one of unjust enrichment. The matter was referred to Attorney Trial Referee Karen Reynolds, ("referee"), who, following a hearing, filed a report on July 25, 1995. The report concludes that "judgement should enter for the Plaintiff, MBI against both defendants in the amount of $11,998.50 . . . ." The defendants, CT Page 10962 by motion dated August 1, 1995, moved to correct the referee's report pursuant to Practice Book § 438. In a "Corrected Report of the Attorney Trial Referee," filed August 18, 1995, the referee denied each of the defendant's requested corrections. On August 25, 1995, the defendants filed with the court a "Motion Seeking Corrections to the Report of the Attorney Trial Referee," and an accompanying memorandum of law, pursuant to Practice Book Section 439.[1] The defendants attached to their memorandum several documents concerning the corporate status of the defendant, A to Z. On September 1, 1995, the plaintiffs filed an objection to the defendant's motion and a memorandum in support thereof.
In their memorandum, the defendants argue that the referee made certain findings of fact without evidence to support those findings. In addition, the defendants request that the court reject the referee's conclusion that judgment should enter against both defendants and rule instead that judgment should enter only against the defendant A to Z.
The plaintiff argues in his memorandum in support of his objection to the defendants' motion that by attaching documents to their memorandum of law, the defendants are attempting to introduce evidence helpful to their defense that was not available, and hence not introduced, at the hearing before the referee. The plaintiff claims that such evidence may not be introduced at this time.
Practice Book § 439 states in part "[a] party . . . must file with his exceptions a transcript of the evidence taken before the committee, except such portions as the parties may stipulate to omit." "[W]ithout a transcript, the factual findings by the referee cannot possibly be evaluated." Gwinner v. Reelsharp USA,Inc., Superior Court, judicial district of Stamford Norwalk at Stamford, Docket No. 123030, (November 7, 1994, Lewis, J.). In the present case, the defendants did not file a transcript of the evidence taken before the referee, nor is there any indication that the parties have stipulated to omit any part of the transcript. Hence, the court cannot evaluate the findings of fact challenged by the defendants in their motion.
The defendants' contention that the court should correct the referee's conclusion that judgment should enter against both defendants is not properly made under Practice Book § 439. The appropriate method by which to challenge such a conclusion is by filing an objection to the acceptance of the referees report pursuant to Practice Book § 440. No such objection has been filed CT Page 10963 and the deadline for the filing such an objection has now expired. Practice Book § 441. Accordingly, the defendants' motion is denied and under the authority of Practice Book § 442, this court orders judgment to enter in accordance with the referee's report.
FORD, JUDGE